O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARAM KHACHATRYAN, | ) | NO. CV 13-2892-JSL (MAN) |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION WITHOUT |
| | ) | |
| v. | ) | PREJUDICE |
| | ) | |
| LOUIS MILUSNIC, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

On April 24, 2013, Petitioner, a federal prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2241 ("Petition") and a Motion To Expedite Proceedings And To Excuse Exhaustion Of Remedies ("Motion"). Petitioner complains that the Federal Bureau of Prisons ("BOP") has declined to place him in a Residential Drug Abuse Program ("RDAP") pursuant to 18 U.S.C. § 3621(e), even though he meets the criteria for RDAP placement under BOP Program Statement 5330.11(b). Petitioner asserts that the BOP's conclusion he is ineligible for admission to the RDAP was unreasonable, arbitrary, and an abuse of the BOP's discretion, and thus, he is entitled to Section 2241 habeas relief, as well as relief under 5 U.S.C. § 706. Petitioner further asserts that the Court

1 should waive the requirement that he exhaust his administrative
2 remedies.

3

4    Under 18 U.S.C. § 3621(b), the BOP is required to make "available
5 appropriate substance abuse treatment for each prisoner the [BOP]
6 determines has a treatable condition of substance abuse or addiction."
7 The RDAP is one such drug treatment program available to qualifying
8 federal prisoners. "RDAP is an intensive drug treatment program for
9 federal inmates with documented substance abuse problems." Reeb v.
10 Thomas, 636 F.3d 1224, 1225 (9th Cir. 2011). In addition to receiving
11 treatment, a federal inmate assigned to RDAP who successfully completes
12 the program can receive up to a one-year reduction in his sentence,
13 pursuant to 18 U.S.C. § 3621(e)(2)(B). *Id.*

14

15    Petitioner notes that, under the applicable BOP Program Statement,
16 an inmate must have a documented substance abuse problem during the 12
17 months preceding his arrest to qualify for inclusion in RDAP. A BOP
18 psychologist found that Petitioner does not satisfy this requirement,
19 but Petitioner argues that he should have been found qualified, because
20 he "has a documented substance disorder prior to the 12 months preceding
21 his arrest and 'after' his arrest." (Motion at 2; *see also* Petition at
22 3A.) Petitioner thus argues that the BOP erred in finding that he does
23 not qualify for RDAP participation.

24

25    In Reeb, the Ninth Circuit held that "federal courts lack
26 jurisdiction to review the BOP's individualized RDAP determinations made
27 pursuant to 18 U.S.C. § 3621." 636 F.3d at 1228. A claim -- such as
28 that made here -- that the BOP erred in a particular case is not

1    cognizable under Section 2241 or the Administrative Procedures Act
2    ("APA"). 18 U.S.C. § 3625 explicitly states that the judicial review
3    provisions of the APA (5 U.S.C. §§ 701-706) do not apply to BOP
4    determinations, decisions, and orders made pursuant to 18 U.S.C. §§
5    3621-3624, *i.e.,* the statutes authorizing RDAP and pursuant to which it
6    is administered by the BOP. *See* <u>Reeb</u>, 636 F.3d at 1227.  The Ninth
7    Circuit found that allowing Section 2241 habeas relief to challenge BOP
8    discretionary decisions made pursuant to 18 U.S.C. § 3621 would be
9    inconsistent with 18 U.S.C. § 3625 and, therefore concluded that "any
10   substantive decision by the BOP to admit a particular prisoner into RDAP
11   . . . is not reviewable by the district court." *Id.*

12

13      The Ninth Circuit found habeas jurisdiction precluded even when the
14   prisoner claims that an RDAP-related decision by the BOP does not comply
15   with the BOP's own program statement. <u>Reeb</u>, 636 F.3d at 1277 (observing
16   that a habeas claim predicated on a violation of a BOP program statement
17   is not cognizable, because "noncompliance with a BOP program statement
18   is not a violation of federal law"). Similarly, a habeas claim alleging
19   that the BOP's erroneous failure to place the inmate in RDAP violates
20   due process is not cognizable, "because inmates do not have a protected
21   liberty interest in either RDAP participation or the associated
22   discretionary early release benefit." *Id.* at 1228 n. 4 (citations
23   omitted).

24

25      As in <u>Reeb</u>, Petitioner "alleges only that the BOP erred in his
26   particular case." 636 F.3d at 1228. The Ninth Circuit has made clear
27   that this Court may not second guess the BOP's individualized
28   determination that Petitioner is not eligible for RDAP placement. This

1  Court lacks jurisdiction to adjudicate the merits of the Petition.  *Id.*

2  at 1228-89.  Accordingly, dismissal is required.[1]

3

4       IT IS ORDERED that:  the Petition is dismissed, without prejudice,

5  for lack of jurisdiction; and Judgment shall be entered dismissing this

6  action, without prejudice.

7

8  DATED: May 22, 2013.

9                                         _____

10                                              J. SPENCER LETTS
                                          UNITED STATES DISTRICT JUDGE

11

12  SUBMITTED BY:

13

14  _____
        MARGARET A. NAGLE

15  UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26       _____

27       [1]       Because the Court lacks jurisdiction to consider the Petition,
    it need not resolve the question of whether a waiver of the requirement
    that Petitioner exhaust his administrative remedies is warranted.

28  Accordingly, the Motion is DENIED.

                                  4